## CITY OF JUNEAU v. WARNER et al.
### No. 2826–A.

First Division. Juneau.
May 3, 1930.

R. E. Robertson, of Juneau, for plaintiff.
Hellenthal & Hellenthal, of Juneau, for defendants.

HILL, District Judge.

The defendants in the above-entitled action have answered the plaintiff's amended complaint. Plaintiff now attacks that answer by motion to make portions thereof more definite and certain, to strike therefrom various other portions, and, at the same time, demurs to each affirmative defense on the ground that it does not state facts sufficient to constitute a defense. In view of my ruling upon the demurrer, it will not be necessary to consider these

parts of the plaintiff's motions addressed to the first two affirmative defenses. Considering the provisions of sections 907, 908, and 929 of the Compiled Laws of Alaska, I deny the plaintiff's motions addressed to the third affirmative defense.

 Defendants' "Further and separate answer to plaintiff's complaint," commencing on page 2 of their answer, and their "Further affirmative answer to the complaint of plaintiff," commencing on page 7, seem very intimately related; the allegations of the former being referred to in the latter as if they were all one pleading. If the "Further and separate answer to plaintiff's complaint" is intended as an allegation of occupancy prior in point of time to the occupancy claimed by the plaintiff, it is so filled with evidentiary matter having little relation to occupancy, for instance, the allegation "the said Charles G. Warner agreed to pay the sum of $5,500.00 for said property, $1,000.00 of which was paid in cash, and the balance was to be paid in monthly payments of $100.00 each," that the allegations of ultimate facts are so surrounded and obscured that I am unable to determine the exact nature of the pleading. The nature of the "Further affirmative answer to the complaint of plaintiff" is disclosed in the last sentence, which shows that those allegations are intended to set up an estoppel. I am inclined to believe that the purpose of all of the matter set up in the two separate answers above referred to is to show an estoppel, but neither one sufficiently pleads facts which, if true, would estop the plaintiff. Mere silence of itself, when there is no duty to speak, will not raise an estoppel in pais, and there is nothing in all of the facts alleged which indicates in any way that the defendants were induced by the plaintiff to do any of the acts they have alleged they did, and nothing to show that the plaintiff was under any duty to make inquiry as to what the defendants were doing.

I sustain the demurrer to the first and second affirmative defenses, with leave to the defendants to file an amended

answer within twenty days from the date hereof, if they be so advised.

I overrule the demurrer to the defendants' "Further answer in the way of cross-complaint."